## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **PATRICIA MASCONE,** | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Case number: RWT 07-966 |
| | * | |
| **AMERICAN PHYSICAL SOCIETY, INC.,** | * | |
| Defendant. | * | |

### MEMORANDUM OPINION

### I. BACKGROUND

At the conclusion of a hearing on June 8, 2009, the Court rendered an oral opinion [Paper No. 71] that granted Defendant's Motion for Summary Judgment [Paper No. 45]. An order embodying the oral opinion was entered on June 9, 2009. [Paper No. 68]. On June 22, 2009, Plaintiff filed a motion for reconsideration [Paper No. 72], which the Court treats as being a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's judgment.

In her motion, Plaintiff raises four main challenges to the Court's oral disposition and the order that embodied it. First, Plaintiff contends that the Court erred in striking portions of her affidavits without specifying why they were stricken. Second, Plaintiff contends that she had raised an issue regarding her personnel files that was not adequately addressed by the Court. Third, Plaintiff contends that her later-executed affidavit did not contradict her earlier deposition testimony and thus should not have been disregarded. Fourth, and finally, Plaintiff contends that the Court did not address her claim of disparate treatment in the oral ruling.

Defendant opposes Plaintiff's motion for reconsideration on the grounds that (1) Plaintiff's motion for reconsideration is untimely; (2) Plaintiff's motion for reconsideration is essentially a

1

"critique" of the Court's earlier ruling, does not provide a legal or factual basis for altering the judgment, and also attempts to raise new issues for consideration, which Defendant contends is not the proper function of a motion for reconsideration; (3) Plaintiff's appending of various documents to her motion for reconsideration is untimely and inappropriate because this evidence was available to Plaintiff prior to the hearing on the merits of Defendant's Motion for Summary Judgment; (4) the Court properly struck Plaintiff's affidavits because they were speculative and contained hearsay not subject to any recognized exception; (5) Plaintiff's contention regarding Defendant's arguments regarding her production of certain personnel files during discovery is unclear and, in any event, inaccurate; (6) Plaintiff's affidavit was properly stricken for contradicting her sworn deposition testimony because her professed inability to recall certain documents did not create a genuine issue of material fact since she acknowledged seeing, reading, and signing the warning letter; and (7) the Court adequately addressed and disposed of Plaintiff's disparate treatment claim.

The Court has reviewed the oral disposition rendered at the June 8, 2009, hearing and will not repeat its reasoning. For purposes of clarification regarding a few of Plaintiff's contentions in her motion for reconsideration, the Court finds, for the reasons discussed in greater detail below, that there is no basis for altering or amending its earlier grant of Defendant's Motion for Summary Judgment. Accordingly, the Court will deny Plaintiff's motion for reconsideration.

## II.  ANALYSIS

### A.    Standard of Review

As the Court observed in its oral opinion, summary judgment is proper if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452

F.3d 299, 302 (4th Cir. 2006).  A dispute of material fact is genuine if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party.  *Anderson*, 477 U.S. at 248-49.  The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another.  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986).

The Court may rely upon only those facts that are supported by the record – not simply assertions in the pleadings – in order to fulfill its affirmative obligation to prevent factually unsupported claims or defenses from proceeding to trial.  *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24).  When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmovants, and all justifiable inferences are to be drawn in their favor.  *Anderson*, 477 U.S. at 255.

**B.     Motions for Reconsideration: Timing and Procedure**

Defendant contends that Plaintiff's motion for reconsideration is untimely because it was filed more than ten days after the Court's hearing resolving Defendant's motion for summary judgment and the entry of the accompanying order.  Defendant is mistaken; Plaintiff's motion is timely.

A motion to alter or amend a judgment "must be filed no later than 10 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  When computing a time period that is less than eleven days, the Federal Rules presently require that intermediate Saturdays, Sundays, and legal holidays be

excluded.  Fed. R. Civ. P. 6(a)(2).[1]  Therefore, excluding intermediate Saturdays and Sundays,

Plaintiff's motion for reconsideration filed on June 22, 2009 was within the ten-day period of both

the Court's oral ruling and the entry of the accompanying order.  Moreover, the filing of a motion

to alter or amend tolls the time to file an appeal until the entry of an order disposing of that motion.

Fed. R. App. P. 4(a)(4)(A)(iv).  Accordingly, Plaintiff is not required to file her appeal, if any, until

after the entry of this Court's order resolving her motion for reconsideration.

Plaintiff's motion for reconsideration is thus timely and may be considered by the Court.

However, a timely motion for reconsideration is to be used in limited circumstances only.  The

Fourth Circuit has held that "[a] district court has the discretion to grant a Rule 59(e) motion only

in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2)

to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice." *Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l*

*Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir.1994) (internal quotation marks omitted)).

"Moreover, Rule 59(e) motions may not be used to make arguments that could have been made

before the judgment was entered."  *Hill,* 277 F.3d at 708.

The gravamen of Plaintiff's motion for reconsideration is her sincere and strongly held

disagreement with this Court's resolution of Defendant's Motion for Summary Judgment.  However,

---

[1]Federal Rules of Civil Procedure 6 and 59, among others, are scheduled to be amended, effective December 1, 2009.  The amended version of Federal Rule of Civil Procedure 59 provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  The amended version of Federal Rule of Civil Procedure 6 provides that time is computed by excluding the day of the event that triggers the period and by counting every day, including intermediate Saturdays, Sundays, and legal holidays.

a motion for reconsideration is not a proper vehicle for an entreaty for the Court to change its mind, which is what Plaintiff is attempting to do here by rehashing the arguments made in the motions, supporting memoranda, and oral arguments before the Court at the summary judgment hearing. *Medlock v. Rumsfeld,* 336 F. Supp. 2d 452, 470 (D. Md. 2003).   Moreover, a motion for reconsideration must include only that evidence that was not available at the time of the court's earlier disposition of the case; a plaintiff cannot elect to withhold evidence initially and then seek to use that evidence later on as a basis for reconsideration. *See Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 395 (4th Cir. 1994) (holding that the burden is upon the movant for reconsideration to demonstrate "a legitimate justification" for why that evidence was not presented earlier either due to its unavailability or recent discovery).  Plaintiff here has not proffered any legitimate justification as to why her additional deposition testimony and employment records were not available and presented to the Court previously.

Plaintiff's memorandum in support of her motion for reconsideration did not direct the Court to specific factual evidence in Plaintiff's deposition testimony or the appended employment records that created a genuine issue of material fact.   In a similar case in which the plaintiff had "fail[ed] to cite any specific, relevant facts in the supplemental evidentiary materials," the Fourth Circuit observed that the plaintiff "effectively left to the district judge the unenviable task of poring over the 25 pages of affidavit and the 117 pages of attached exhibits in search of bits of evidence that could preclude summary judgment"; it then affirmed the district court's denial of plaintiff's motion for permission to supplement the record and for reconsideration because "[e]ven assuming arguendo that the district court had some duty to consider the affidavit and exhibits, it would have remained well within its discretion in refusing to ferret out the facts that counsel had not bothered to

excavate." *Id.* at 394-96.  Likewise here, the Court declines to "ferret out the facts that counsel had not bothered to excavate" in the one-and-a-half-inch-high stack of 405 pages of material appended to the motion for reconsideration.

## C.      Plaintiff's Affidavits

Plaintiff contends that the Court erroneously struck parts of her affidavits because Defendant "failed to specifically identify hearsay" in those affidavits.  Pl.'s Mot. Reconsideration at 1.  Plaintiff further contends that the statements that are alleged to be hearsay actually fall within the party-opponent exception, *inter alia*, to the hearsay rule.   Plaintiff also contends that her statements made in her affidavit regarding her employer's March 1, 2005 warning letter did not contradict her earlier deposition testimony and that the Court therefore erred in striking it.

As a threshold matter, the Court notes that Plaintiff acknowledged that even though she did not remember the content of her employer's March 1, 2005 warning letter, she did, however, remember seeing it, reading it, and signing it.  Her later statement in her affidavit regarding her lack of memory regarding the exact wording of the warning letter as compared to her deposition testimony does not create a genuine issue of material fact because "[a] genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir.1984).  As such, the Court finds that the portions of Plaintiff's affidavits that contradicted her earlier deposition were properly stricken, and even if they were not, a genuine issue of material fact would not be generated.

Furthermore, the Court reiterates its earlier finding that other portions of Plaintiff's affidavits were properly stricken for their failure to comply with Federal Rule of Civil Procedure 56(e)'s

requirement that the information contained within them be both admissible and based upon personal knowledge. *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir. 1996).  Given the voluminous nature of Plaintiff's affidavits and Plaintiff's failure to specify which portions of her affidavits she contends are properly before the Court, the Court nevertheless notes that she attributes extensive inadmissible hearsay statements to third parties for which no recognized hearsay exception applies.

A statement is not hearsay if it qualifies as an admission of a party opponent.  Fed. R. Evid. 801(d)(2)(D).  The statement must be "offered against a party and is . . . a statement by the party's agent . . . concerning a matter within the scope of the agency . . . , made during the existence of the relationship." *Id.*  There is no evidence in the record before the Court that the numerous individuals to whom Plaintiff attributes statements in her affidavits were "agents" of Defendant (as opposed to mere employees) who were involved in the alleged discriminatory and/or retaliatory acts against her or that their statements which Plaintiff is alleged to have overheard are within the scope of their agency with Defendant. *Cf. EEOC v. Watergate at Landmark Condo.,* 24  F.3d 635, 639-40 (4th Cir. 1994) (holding that district court did not err in admitting as admission of party-opponent evidence of two declarants' overheard statements respecting [plaintiff's] age as a consideration affecting her continued employment" because they were "committee members in the decisional process leading to [plaintiff's] termination.").  Simply put, Plaintiff has not met her burden of demonstrating that these statements satisfy the requirements of Federal Rule of Evidence 801(d)(2)(D), and accordingly, those portions of Plaintiff's affidavits were properly stricken.

**D.     Personnel Files**

Plaintiff contends that "Defendant's allegations that personnel files was [sic] not produced

during discovery is completely without foundation and is an error of fact" because Defendant was allegedly "in possession of its own personnel files and any such documents were provided to Defendant during the discovery process" and Defendant had deposed Plaintiff regarding those files. Pl.'s Mot. Reconsideration at 2. It is unclear to the Court what Plaintiff is asserting, and Plaintiff offers no further explanation of the alleged wrong committed by Defendant.

As best as the Court is able to construe, Plaintiff appears to be contending that despite Defendant's assertions otherwise, Plaintiff not only produced some personnel files during discovery but that Defendant was also in possession of those files given its status as the employer. Defendant does not dispute that Plaintiff produced documents at her May 6, 2008 deposition that were not a part of Defendant's personnel files, and Defendant deposed Plaintiff about the substance of these documents. Mascone May 6, 2008 Dep. at 308-17. These documents are purported to be memoranda that Plaintiff created during her employment with the Defendant. *Id.* In any event, whether or not Defendant had these documents in its possession is ultimately a distinction without a difference as Defendant contends that it did not rely upon these documents for its motion for summary judgment.

**E.      Plaintiff's Disparate Treatment Claim**

Plaintiff contends that the Court "failed to address Plaintiff's claim of disparate treatment" and that "[e]ven if Plaintiff was not meeting the legitimate job expectations of her employer, she was treated more harshly that [sic] similarly situated male employees like Kerry Johnson and Ted Hodapp." Pl.'s Mot. Reconsideration at 2. In addition, Plaintiff argues that "[t]he personnel files provided by the Defendant show that other employees had similar job performance issues and were not terminated." *Id.*

The Court's oral opinion squarely addressed Plaintiff's claim of disparate treatment in connection with her termination.  The Court held that Plaintiff failed to present a prima facie case of discriminatory discharge, and it will not repeat its reasoning here.

To the extent that Plaintiff's complaint alleges that Plaintiff suffered disparate treatment *before* she was terminated, separate and apart from the termination itself, the Court finds, for reasons detailed below, that Plaintiff failed to demonstrate a prima facie case.

Count II of Plaintiff's complaint is entitled "Employment Discrimination in Violation of Title VII (Wrongful Termination)," and is obviously directed at the termination of Plaintiff's employment.  However, within the wrongful termination count, Plaintiff alleges that "throughout her employment tenure at APS . . . APS treated [her] differently than male supervisors because of her gender."  Compl. ¶ 61.  The Complaint describes two incidents that purportedly took place during the course of her employment when Plaintiff allegedly was treated differently because of her gender:

- Plaintiff allegedly was "blamed for [a disciplinary situation involving two of her subordinates] and [was] not provided with support, [whereas] Dr. Hodapp's troubled subordinate was terminated," *see id.* ¶¶ 19-32; and

- Plaintiff allegedly had her "new computer equipment taken from her and she received criticism for her procurements, [whereas] Dr. Hodapp was permitted to keep his computer equipment and he was never criticized for his procurements," *see id.* ¶¶ 33-39.

Plaintiff also alleges that she was "directed to change her 'management style' to conform to one that

is more appropriate for a female manager," *id.* ¶ 44,[2] and was instructed to "look for 'mothers with children' to fill a vacancy because they accept lower pay," *id.* ¶ 45.

To establish a prima facie cause of disparate treatment as to gender, a plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job in a satisfactory manner; and (4) she was treated differently from similarly situated employees. *See Spriggs v. PSC*, 197 F. Supp. 2d 388, 392 (D. Md. 2002); *Nichols v. Comcast Cablevision*, 84 F. Supp. 2d 642, 653 (D. Md. 2000), *aff'd per curiam*, No. 00-1206, 2000 U.S. App. LEXIS 14369 (4th Cir. June 21, 2000); *Raley v. Board of St. Mary's County Comm'rs*, 752 F. Supp. 1272, 1278 (D. Md. 1990); *see also Harris v. GM Powertrain*, No. 98-1394, 1999 U.S. App. LEXIS 309, at *7 (4th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *Martin v. Merck & Co.*, 446 F. Supp. 2d 615, 633 (W.D. Va. 2006) (citing *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004)).   If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the disparate treatment. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the defendant demonstrates a nondiscriminatory justification, the burden then shifts back to the plaintiff to show that the asserted justification is merely a pretext. *Id.* at 804.

Undoubtedly, Plaintiff is a member of a protected class.  However, even assuming, arguendo, that she was treated differently from similarly situated employees (namely, Dr. Hodapp) and that

---

[2] In holding that Plaintiff failed to present a prima facie case of discriminatory discharge, the Court considered Plaintiff's allegations that she was threatened with termination if she did not change her management style and interpersonal style.

she performed her job in a satisfactory manner,[3] Plaintiff is unable to prove that she suffered an adverse employment action during the course of her employment, before she was terminated.[4]

The United States Court of Appeals for the Fourth Circuit has recognized that not every personnel decision constitutes an adverse employment action under Title VII. *See Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. Va. 1981) ("There are many interlocutory or mediate decisions having no immediate effect upon employment conditions which were not intended to fall within the direct proscriptions of . . . Title VII."). Rather, "[a]n adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *James*, 368 F.3d at 375 (internal quotation marks and citation omitted). In *James v. Booz-Allen & Hamilton, Inc.*, the Fourth Circuit held that plaintiff suffered no adverse employment action because changes to plaintiff's role and responsibilities did not result in "a decrease in compensation, job title, level of responsibility, or opportunity for promotion," *id.* at 376-77, and his evaluation lowering his performance review rating did not "detrimentally alter the terms or conditions" of his employment, *id.* at 377-78. *See also Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (holding that plaintiff sales manager failed to state a Title VII violation because he provided no evidence to support his assertion that he was adversely affected by his reassignment to an area that was allegedly blighted). Similarly, district courts within the Fourth Circuit have found that a variety of marginal

---

[3] Plaintiff manifestly was not meeting her employer's legitimate expectations as the Court explained in its oral opinion, *see* Hr'g Tr. at 15-16, and the employees that she cites as being similarly situated clearly were not similarly situated, as explained by Defendant in its opposition to Plaintiff's motion, *see* Pl.'s Opp'n at 10-12.

[4] It is undisputed that Plaintiff's termination constitutes an adverse employment action. However, as previously discussed, Plaintiff's termination is not taken into consideration here because the Court's oral opinion squarely addressed her termination in the context of Plaintiff's discriminatory discharge claim.

11

employment actions are not "adverse" under Title VII. *See, e.g., Bonds v. Leavitt*, --- F. Supp. 2d ---, 2009 U.S. Dist. LEXIS 72287, at *34-35 (D. Md. Aug. 13, 2009) ("[T]he Court notes that the laundry list of minor slights and grievances that Dr. Bonds challenges, which include limitations on her use of a computer, her ability to attend meetings, her ability to close her office door, and the requirement that she return her badge, are nothing more than the everyday inconveniences of working with others in a professional setting and, as such, they do not, either individually or collectively, rise to the level of adverse employment actions." (collecting cases)); *Moret v. Green*, 494 F. Supp. 2d 329, 343 (D. Md. 2007) (holding that denial of use of a computer did not constitute an adverse employment action in a retaliation case brought under Title VII); *Spriggs*, 197 F. Supp. at 393 ("Plaintiff alleges, at best, only displeasure and inconvenience as a result of the changing of her office lock and her office assignments. An action that merely causes an employee irritation or inconvenience, but does not affect a term, condition, or benefit of her employment, is not an adverse employment action.")*; Nichols*, 84 F. Supp. at 654 (holding that a territory reassignment and budget increase did not constitute adverse employment actions).

Plaintiff's allegations here that she was blamed for and not provided support in connection with a disciplinary situation involving two of her subordinates, had computer equipment taken from her, received criticism for her procurements, was directed to change her management style to conform to one that is more appropriate for a "female manager," and was instructed to "look for 'mothers with children' to fill a vacancy because they accept lower pay" do not constitute adverse employment actions in the context of a disparate treatment claim under Title VII. Plaintiff has not demonstrated that these actions "adversely affect[ed] the terms, conditions, or benefits" of her employment. *James*, 368 F.3d at 375. Even when the Court examines Plaintiff's allegations

holistically, as it must, "evidence of a large number of meritless claims (or non-cognizable allegations) [does not] attain[] probative value when such claims are aggregated." *Settle v. Baltimore County*, 34 F. Supp. 2d 969, 985 (D. Md. 1999).  As a result, Plaintiff has failed to establish a prima facie case of disparate treatment with regard to actions allegedly occurring during the course of her employment, before she was terminated.

### III.  CONCLUSION

For the foregoing reasons, the Court will, by separate order, deny Plaintiff's motion for reconsideration.


Date: September 24, 2009                            _____/s/_____
                                                    Roger W. Titus
                                                    United States District Judge